U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

OCT - 9 2015

CLERK, U.S. DISTRICT COURT

By _____
                Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BRENT MICHAEL DUBOIS,                §
                                     §
            Petitioner,              §
                                     §
VS.                                  §   NO. 4:15-CV-654-A
                                     §
RODNEY W. CHANDLER, WARDEN,          §
                                     §
            Respondent.              §

MEMORANDUM OPINION AND ORDER

Came on for consideration the petition of Brent Michael

Dubois ("Dubois") for writ of habeas corpus pursuant to 28 U.S.C.

§ 2241. The court, having considered the petition, the response

of Rodney W. Chandler, Warden, the reply of petitioner, the

record, and applicable authorities, finds that the petition

should be denied.

I.

Background

On September 8, 2009, petitioner was arrested by the Travis

County Sheriff's Department on a felony arrest warrant from

Tarrant County, Texas, and for other criminal activity. Doc.[1] 8

at App. 12. On September 10, 2009, the Texas Department of

Criminal Justice, Parole Division, issued a pre-revocation of

---

[1] The "Doc. __" references are to the numbers assigned to the referenced documents on the docket of this civil case, No. 4:15-CV-654-A.

parole warrant. Doc. 1 at App. 15. On September 23, 2009,

petitioner was arrested at the Travis County Jail by the Keller,

Texas Police Department. Doc. 8 at App. 18-19. On September 27,

2009, petitioner was transferred to Tarrant County Jail. Doc. 8

at App. 21, 31.

On May 27, 2010, the United States Marshals Service took

petitioner into custody from the state authorities in Tarrant

County pursuant to a writ of habeas corpus ad prosequendum.[2] Doc.

8 at App. 23-24. On June 15, 2010, petitioner was named in an

indictment in the Northern District of Texas for a drug offense.

Doc. 8 at App. 26. On November 7, 2010, the state dropped the

drug related charges against petitioner, but the state parole

violation charges remained.[3] Doc. 8 at App. 3 ¶ 10. Petitioner

pleaded guilty to the drug offense charged in an information

filed by the United States Attorney that superseded the June 15,

2010 indictment; and, on April 18, 2011, was sentenced to a term

of imprisonment of 188 months. Doc. 8 at App. 33-35. On April 27,

2011, petitioner was returned to the state authorities at the

---

[2] Petitioner recognizes that he was "borrowed" from state custody for prosecution on the federal charge. Doc. 2 at 3.

[3] Petitioner erroneously alleges that his presentence report states that no detainers and no pending charges existed. Doc. 2 at 3-4. The presentence report states that the parole violator's warrant issued on September 9, 2009, remains active, which is reasserted in several other places in the presentence report. Doc. 9 at App. 69 at ¶ 59, App. 70 at ¶ 60, & App. 72 at ¶ 63.

Tarrant County jail and the United States Marshals Service lodged

a detainer with the State of Texas. Doc.8 at App. 23.

On July 19, 2011, the State of Texas revoked petitioner's

parole. Doc. 8 at App. 15. On June 25, 2013, he was released from

state custody and taken into custody by the United States

Marshals Service to begin service of his federal sentence. Doc. 8

at App. 48.

Petitioner has exhausted his administrative remedies.

## II.

## Grounds of the Petition

Petitioner has sought credit on his federal sentence for

time spent in state custody between September 15, 2009 and June

25, 2013. Petitioner breaks his argument into three parts arguing

for   "Pre-Sentence Credit," "Post-Sentence Credit," and "Federal

and State Sentence Concurrent." Doc. 2 at 7, 9, & 12.

## III.

## Analysis

Petitioner's entire argument is premised on the contention

that, because the state charges were dropped and his state parole

was not revoked until after he had been sentenced in federal

court, he was actually in federal custody from September 15, 2009

until June 25, 2013. Petitioner overlooks his own admission that

he was originally "borrowed" from state custody pursuant to the

writ of habeas corpus <u>ad prosequendum</u> issued by the federal court. Doc. 2 at 3.

The first sovereign to arrest an offender has priority of jurisdiction over him. <u>Ponzi v. Fessenden</u>, 258 U.S. 254, 260 (1922); <u>United States v. Warren</u>, 610 F.2d 680, 684-85 (9th Cir. 1980). This jurisdiction continues until it is relinquished. <u>Warren</u>, 619 F.2d at 684-85. A writ of habeas corpus <u>ad prosequendum</u>, as here, requires the prisoner returned to state custody when the proceedings are completed. <u>United States v. Londono</u>, 285 F.3d 348, 356 (5th Cir. 2002); <u>Thomas v. Brewer</u>, 923 F.2d 1361, 1366-67 (9th Cir. 1991). The writ effects a loan of the prisoner, whose sentence commences to run when the prisoner is received to start serving it. <u>Causey v. Civiletti</u>, 621 F.2d 691, 693-94 (5th Cir. 1980).

In this case, petitioner argues that the state relinquished custody of him when it dismissed the state charges. However, nothing in the record supports this argument. Instead, the record shows that the state continued to have primary jurisdiction over petitioner for parole violations. As recited, <u>supra</u>, the presentence report reflects that the pre-revocation of parole warrant remained active. Doc. 9 at App. 69 ¶ 59, App. 70 at ¶ 60, & App. 71 at ¶ 63.

Petitioner further argues that the United States Marshals Service somehow retained custody of him when it returned him to Tarrant County following imposition of his federal sentence. The argument makes no sense and is not supported by the record.

Petitioner's federal sentence does not reflect that it was to run concurrently with any state sentence; hence, it is presumed that it will be served consecutively. See Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003). Petitioner attaches as an exhibit one page from his sentencing hearing wherein the sentencing federal judge points out that the sentence is silent as to whether or not it will run consecutively or concurrently so that the state court would be able to determine his sentence most effectively when the state court revoked his parole. Doc. 2 at Exhibit D. This is not evidence that the sentences were to run concurrently. In fact, when later questioned on his intent regarding the sentence as a part of petitioner's request of the Bureau of Prisons that his sentences run concurrently, the sentencing federal judge made it clear that a consecutive sentence was appropriate. Doc. 8 at App. 42. The record reflects that petitioner has been appropriately credited for time served, both on his state and federal sentences. He has not shown that he is entitled to any credit pursuant to Willis v. United States,

438 F.2d 923 (5th Cir. 1971). <u>Edison v. Berkebile</u>, 349 F. App'x

953, 956 (5th Cir. 2009).

IV.

<u>Order</u>

For the reasons discussed herein,

The court ORDERS that Dubois's petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2241 be, and is hereby, denied.

SIGNED October 9, 2015.

_____
JOHN McBRYDE
United States District Judge